**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

EARLAND J. COLLINS,

    Plaintiff,                                         CASE NO. 09-cv-12857

v.                                                   HON. JOHN CORBETT O'MEARA

FERNDALE POLICE DEPARTMENT,

    Defendants,
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

**I.    INTRODUCTION**

Plaintiff Earland J. Collins, a state inmate currently incarcerated at the Oaks Correctional Facility in Manistee, Michigan, filed a *pro se* civil rights complaint, pursuant to 42 U.S.C. § 1983. Plaintiff has requested that he be permitted to proceed *in forma pauperis* in this case. *See* 28 U.S.C. § 1915(a)(1) (1996). Plaintiff names the Ferndale Police Department and Detective Thull as the defendants. Plaintiff alleges that the photo lineup was tainted and that Detective Thull failed to properly investigate his disability. For the reasons stated, the Court denies Plaintiff leave to proceed *in forma pauperis* and dismisses the complaint without prejudice pursuant to 28 U.S.C. § 1915(g).

**II.    DISCUSSION**

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), a prisoner is prevented from proceeding *in forma pauperis* in a civil action under certain circumstances. The statute states, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under

imminent danger of serious physical injury.

42 U.S.C. § 1915(g).

In short, this "three strikes" provision allows the Court to dismiss a prisoner case where the prisoner seeks to proceed *in forma pauperis* if, on three or more previous occasions, a federal court has dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. 28 U.S.C. § 1915(g) (1996); *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit.").

Plaintiff filed three prior civil rights complaints which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Collins v. Frank Murphy Hall of Justice et.al.*, No. 9-cv-12315 (E.D. Mich. June 22, 2009) (failure to state a claim); *Collins v. Warren Police Dep't*, No. 09-cv-11785 (E.D. Mich. June 4, 2009) (failure to state a claim); *Collins v. Wayne County Prosecutor et.al.*, No. 08-cv-14881 (E.D.Mich. Dec. 22, 2008) (failure to state a claim).

However, a plaintiff may maintain a civil action despite having had three or more civil actions dismissed as frivolous if the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To establish that his complaint falls within the statutory exception to the three strikes rule, a prisoner must allege that he is under imminent danger at the time that he seeks to file his complaint and proceed *in forma pauperis*. *Malik v. McGinnis*, 293 F.3d 559, 562 (2d Cir. 2002) (holding that imminent danger exception requires that the danger exist at time complaint is filed)

*Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (plaintiff sufficiently alleged imminent danger of serious physical injury where he claimed that he was placed near inmates on his enemy list and subject to ongoing danger); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (past body cavity searches failed to establish imminent danger of serious physical injury); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999) (allegation of past physical injury is insufficient to meet statutory exception).

In his *pro se* complaint, Plaintiff alleges that he is imprisoned on the basis of false information; perjury by the police, obstruction of justice, and false warrants. The facts outlined in Plaintiff's complaint do not present the danger of physical harm. Therefore, his complaint does not fall within the exception to the mandate of 28 U.S.C.§ 1915(g), which prohibits him from proceeding *in forma pauperis* in light of his prior frivolity dismissals. *Mulazim v. Michigan Dept. of Corrections,* 28 Fed.App'x. 470, 472 (6th Cir. 2002). Plaintiff's complaint is thus subject to dismissal pursuant to § 1915(g).

### III.   ORDER

Accordingly, **IT IS ORDERED** that Plaintiff's request to proceed *in forma pauperis* is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g). Should Plaintiff wish to pursue the allegations contained in his complaint, he must submit payment of the $350.00 filing fee within thirty (30) days. Upon receipt of the filing fee, the Court will re-open the case and review the complaint to determine whether it should be served or should be summarily dismissed under 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED** that any appeal taken by Plaintiff would not be done in good faith.  *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997).

s/John Corbett O'Meara<br>
United States District Judge

Date:  August 19, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 19, 2009, by electronic and/or ordinary mail.

s/William Barkholz<br>
Case Manager